IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eris Evolution, LLC,<br>*Plaintiff*<br><br>v.<br><br>Vincent Bradley,<br>*in his official capacity as Chairman*<br>*of the New York State Liquor Authority,*<br>*Defendant* | Case No.: 1:22-CV-4616<br><br>**COMPLAINT FOR VIOLATIONS OF THE 1st and 14th AMENDMENTS OF THE U.S. CONSTITUTION** |

## SUMMARY

1. It is an understatement to say that New Year's Eve is not celebrated as a "day of rest" by the people of the State of New York, whether or not January 1st falls on a Sunday, as evidenced by the internationally-followed celebrations in Times Square and the busiest evening for bars and restaurants of the year.

2. Normally, the New York State Liquor Authority accommodates the celebratory needs of the people by issuing "All-Night Permits" to on-premise licensees (bars), allowing them to stay open between the 4 AM and 8 AM hours during which all bars across the state are otherwise prohibited from serving alcohol.

3. However, a state law enacted solely for religious purposes prohibits them from doing so on a Sunday, such as Sunday, January 1st, 2023.

4. Eris Evolution, LLC ("Eris"), a Brooklyn event venue and on-premise licensee that has obtained an "All-Night Permit" for every year available since its inception, challenges the constitutionality of issuing All Night Permits only when the Lord's day is not encroached upon.

## PARTIES

5. Plaintiff Eris is a New York limited liability company in Kings County, New York.

6. Defendant Vincent Bradley is an individual residing in the State of New York and is the Chairman of New York's State Liquor Authority ("SLA"); he is sued here in his official capacity only.

## JURISDICTION & VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Eris' claims are presented exclusively under the United States Constitution.

8. The Court is authorized to provide the relief requested under the All Writs Act, 28 U.S.C. § 1651.

9. This district is the appropriate venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because the challenged law injures Eris within the confines of this district.

## ALLEGATIONS OF FACT

10. Eris is an event venue in Brooklyn, NY that has been licensed to sell alcohol for consumption on its premise since July 31st, 2018.

11. Eris has actively sold alcohol on its premise from that date until the present, save for mandated closures due to coronavirus.

12. As a general rule, state law requires all on-premise licensees, including Eris, to discontinue alcohol sales at 4 AM each morning, and to refrain from resuming alcohol sales until 10 AM on Sundays or 8 AM any other day. *See* NY ABC § 106(5).

13. However, one of the very few exceptions to this rule is that an on-premise licensee in good standing may apply for an "All-Night Permit" to lift the 4 AM – 8AM restriction. *See* NY ABC § 99(1).

14. SLA rules allow All-Night Permits only on the first day of the year, such that New Year's Eve celebrations may continue past 4 AM, effectively allowing bars to remain open until 4 AM twenty-four hours later.

15. Eris has applied for and received an "All-Night Permit" each year it was eligible to do so: 2019, 2020, and 2022[1].

---

[1] All-Night Permits were not issued for January 1st, 2021 due to coronavirus-related restrictions.

16. Eris actually used its All-Night Permit during each of those years, hosting events during the entirety of the 4 AM – 8 AM window.
17. However, the SLA's position is that state law prohibits on-premise licensees, including Eris, from applying for or receiving All-Night Permits when they would be effective on a Sunday[2].
18. Accordingly, the SLA does not accept applications for, and does not issue, All-Night Permits when New Year's Day lands on a Sunday.
19. January 1st, 2023 is a Sunday.
20. Eris would apply for an All-Night Permit for January 1st, 2023, but for the SLA's refusal to accept its application.
21. Eris meets all eligibility requirements for an All-Night Permit for January 1st, 2023.
22. Eris would use an All-Night Permit for January 1st, 2023, if it were issued one.
23. NY ABC § 99-h allows on-premise licensees to apply to sell alcohol from 8 AM to 10 AM on January 1st, 2023.
24. However, without intervention of the Court, there exists no permit Eris may apply for to allow it to sell alcohol from 4 AM to 8 AM on January 1st, 2023.
25. New Year's Eve is not a day of rest for most New Yorkers.
26. There is no secular purpose behind the prohibition of All-Night Permits on New Year's Sundays.

## CLAIM FOR RELIEF

### Count 1: Violation of First Amendment to U.S. Constitution
*As Incorporated Against the States by the Fourteenth Amendment*

27. The First Amendment to the U.S. Constitution prohibits the establishment of religion by the government.

---

[2] NY ABC § 106(5) prohibits alcohol sales on "Sunday, from four ante meridiem to ten o'clock a.m..."  NY ABC § 99(1) provides for "a special permit to remain open on any week day between the hours of four o'clock a.m. ... and eight o'clock a.m."  The law does not define "week day" but the SLA apparently interprets it to mean any day other than Sunday.

28. The Fourteenth Amendment applies this prohibition to the states, including New York and its State Liquor Authority.

29. By creating a law that allows for especially late night consumption of alcohol on (most) New Year's Eves, New York has made clear that New Year's Eve is not a day of rest.

30. By creating a law that allows the same for 6 out of 7 years, and then prohibits it on the 7th year, it is clear that New York is not trying to create a day of rest, but rather to enforce religious customs.

31. New York's prohibition on All-Night Permits on New Year's Sundays is thus unconstitutional under the First Amendment to the U.S. Constitution, as incorporated against the states by the Fourteenth Amendment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

i. Declaratory relief stating that New York's prohibition on All-Night Permits on New Year's Sundays is unconstitutional.

ii. Injunctive relief, a writ of *mandamus*, a writ of prohibition, or other extraordinary writ to give effect to the declaratory relief.

iii. Cost of the action.

iv. Reasonable attorney's fees.

v. Any other such relief as the Court deems appropriate.

Dated: Brooklyn, New York

August 4th, 2022

Respectfully submitted,

*/s/Jonathan Corbett*

_____

Jonathan Corbett, Esq. (CA Bar #325608)
(*Pro Hac Vice* Pending)
CORBETT RIGHTS, P.C.
958 N. Western Ave. #765
Hollywood, CA 90029
E-mail: jon@corbettrights.com
Phone: (310) 684-3870
FAX:   (310) 675-7080