UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
ERIS EVOLUTION, LLC,

                Plaintiff,

   -against-                        **MEMORANDUM AND ORDER**
                                            Case No. 22-CV-4616-FB-PK
VINCENT BRADLEY, in his individual
capacity and official capacity as
Chairman of the New York State Liquor
Authority,

                Defendant.
------------------------------------------------x

*Appearances:*
| *For the Plaintiff:* | *For the Defendant:* |
|---|---|
| JONATHAN CORBETT | FRANCES POLIFIONE |
| Corbett Rights, P.C. | NOAM LERER |
| 5551 Hollywood Blvd., Suite 1248 | Assistant Attorneys General |
| Los Angeles, California 90028 | State of New York |
| | 28 Liberty Street |
| | New York, New York 10005 |

**BLOCK, Senior District Judge:**

      Plaintiff Eris Evolution, LLC ("Eris"), an event venue in Williamsburg, asserts that a New York State law prohibiting "all-night" permits for the sale of alcohol on Sundays is unconstitutional. Shortly before New Year's Day 2023—which fell on a Sunday—the Court denied Eris's request for a preliminary injunction on the ground that it had failed to show a likelihood of success on the merits. *See*

1

*Eris Evolution, LLC v. Bradley*, 639 F. Supp. 3d 391 (E.D.N.Y. 2022).

Although Eris withdrew its appeal after the Second Circuit denied emergency injunctive relief, *see Eris Evolution, LLC v. Bradley*, 2023 WL 1788422 (2d Cir. Jan. 23, 2023), it continues to press its claim in this Court. In lieu of an injunction, its second amended complaint seeks monetary damages and declaratory relief under 42 U.S.C. § 1983. Defendant Vincent Bradley, the chairman of the New York State Liquor Authority, moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Bradley cannot be liable for damages in his official capacity "because neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In any event, "the Eleventh Amendment bars the award of money damages against state officials in their official capacities." *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 392 (2d Cir. 2022) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-03 (1984)). He cannot be liable for damages in his individual capacity, either, because he is entitled to qualified immunity. "[A]bsent contrary direction, state officials are entitled to rely on a presumptively valid state statute until and unless [the statute is] declared unconstitutional." *Vives v. City of New York*, 405 F.3d 115, 117 (2d Cir. 2005) (quoting, with alterations, *Connecticut ex rel. Blumenthal v. Crotty*, 346 F.3d

84, 102-03 (2d Cir. 2003)). Indeed, "[t]he enactment of a law forecloses speculation by enforcement officers concerning the law's constitutionality—with the possible exception of a law so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws." *Id.* (quoting *Crotty*, 346 F.3d at 103). As the Court's conclusion that Eris had failed to show a likelihood of success on the merits makes clear, the statute in question is not such a law.

With respect to Eris's request for a declaratory judgment, "[t]he use of judicial authority to declare statutes unconstitutional is restricted to those cases . . . where the controversy has 'sufficient immediacy and reality' to warrant the issuance of such a judgment." *F.X. Maltz, Ltd. v. Morgenthau*, 556 F.2d 123, 125 (2d Cir. 1977) (quoting *Golden v. Zwickler*, 394 U.S. 103, 108 (1969)). In abandoning its request for injunctive relief, Eris has already recognized that any threat to its ability to obtain an "all-night" permit is no longer imminent. New Year's Day will not fall on a Sunday again until 2034, and it would be pure speculation to assume that the law—which the Court previously described as one with "ever-increasing exceptions," *Eris Evolution*, 639 F. Supp. 3d at 394—with still exist in its current form a decade from now.

In sum, Eris has failed to allege a sufficient basis for the relief sought in its

second amended complaint.  Accordingly, Bradley's motion to dismiss is granted. Because the obstacles confronting Eris are more than mere pleading defects, the case is dismissed with prejudice.

**SO ORDERED.**

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 29, 2023